UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CC YOUNG MEMORIAL HOME, § § *Plaintiff*, § § v. § § THE TRAVELERS LLOYDS § INSURANCE COMPANY § § *Defendant*. § | Case No. 3:25-CV-2869-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff CC Young Memorial Home's (CC Young) Motion for Remand. (Doc. 5). After careful consideration, the Court **DENIES** the motion.

This case is an insurance dispute involving claims of breach of contract and insurance code violations. CC Young, a nonprofit organization incorporated and headquartered in Texas, originally brought this suit in Dallas County District Court.

Travelers Lloyds subsequently removed the case to federal court, invoking this Court's diversity jurisdiction. In its Notice of Removal, Travelers Lloyds stated it is a Connecticut citizen because it is "an unincorporated association of twelve underwriters" and that "Connecticut is the domiciliary state for all twelve underwriters."[1] CC Young subsequently moved to remand, arguing that this Court

---
[1] Doc. 1 at 2.

lacks jurisdiction because Travelers Lloyds failed to adequately demonstrate that it is a Connecticut citizen.[2]

"Federal courts are courts of limited jurisdiction."[3] "Without jurisdiction the court cannot proceed at all in any cause."[4] Congress has given the federal courts original jurisdiction over cases and controversies that exceed the sum or value of $75,000 and that are between citizens of different states.[5] Defendants invoking diversity jurisdiction and removing to federal court must "distinctly and affirmatively allege" citizenship.[6] Merely alleging that a party is not a citizen of a state is insufficient.[7]

Under Texas law, an association of underwriters is "commonly known as a Lloyd's plan and is most properly viewed as an unincorporated association."[8] And "for purposes of ascertaining whether the federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members."[9]

---

[2] Doc. 5.

[3] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[4] *Steel Co. v. Citizens for a Better Env't*, 532 U.S. 83, 94 (1998).

[5] 28 U.S.C. § 1332(a),

[6] *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (cleaned up).

[7] *See id.*

[8] *Etan Indus., Inc. v. The Travelers Lloyds Ins. Co.*, 2008 WL 1869216, at *3 (N.D. Tex. Apr. 28, 2008) (cleaned up).

[9] *Royal Ins. Co. of Am. v. Quinn-L Cap. Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).

Travelers Lloyds is an association of underwriters.[10] So its citizenship is based on the citizenship of its members.[11] Its only members are twelve underwriters, each of whom is domiciled in Connecticut.[12] That allegation is sufficient to allege the citizenship of the underwriters, and by extension, Travelers Lloyds.[13]

So this Court has jurisdiction under 28 U.S.C. § 1332(a) and, the Court **DENIES** the motion. (Doc. 5).

It is so **ORDERED** this 6th day of January, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] Doc. 1 at 2.

[11] *Royal Ins. Co. of Am.*, 3 F.3d at 882.

[12] Doc. 1 at 2.

[13] *See Said v. EAN Holdings LLC*, 2024 WL 2988948, at *2 (N.D. Tex. May 1, 2024) (Horan, M.J.), *report and recommendation adopted*, 2024 WL 4219265 (N.D. Tex. Sept. 17, 2024) (Starr, J.).